UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ORIGINAL

Lee A. Israel,
Petitioner / Appellant, Defendant
Below.

v.

Warden Peter Carroll,
Defendant

Case No.:



Petition under 28 U.S.C. §§ 2241(a) and 2254
For Writ of Habeas Corpus By a Person In State Custody.

## PETITIONER'S MEMORANDUM OF LAW

Warden Peter Carroll
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Loren C. Meyers
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French Street
Wilmington, DE 19801

Lee A. Israel
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Date: February 22, 2006

Now comes, the petitioner Lee A. Israel to respectfully request of this Honorable Court for relief under a Writ of Habeas Corpus by a person in State Custody, under 28 U.S.C. §§ 2241(a) and 2254.

The issues raised in this petition were raised and heard in the Delaware Superior Court, and later appealed to the Delaware Supreme Court.

On July 1, 2004, the petitioner submitted a second motion for postconviction relief. Judge Richard R. Cooch, summarily dismissed petitioner's motion on September 24, 2004, finding that:

1. The issues raised in petitioner's second postconviction motion were already presented by petitioner in previous proceedings, but in a different framing.

2. The claims are without merit and do not reach the exception under Rule 61(i)(5). see (Order to Summarily Dismiss at page 7).

On the 25th day of February 2005, the Supreme Court Ordered that the judgment of the Superior Court is Affirmed; and find it manifest that the judgment of the Superior Court should be affirmed on the basis of the Superior Court's well-reasoned decision dated September 24, 2004.

A

ARGUMENT

I. **PLAIN ERROR** OCCURRED FOR THE DEFENDANT LEE A. ISRAEL WAS INTITLED TO HAVE THE JURY INSTRUCTED ON A LESSER INCLUDED OFFENSE FOR BURGLARY FIRST DEGREE AND ATTEMPT BURGLARY SECOND DEGREE.

### STANDARD AND SCOPE OF REVIEW

In order to prevail on a motion arguing a plain error violation, the petitioner must establish that: "the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process." Wainwright v. State, Del. Supr., 452 A.2d 127, 146 (1982).

The appellant asserts that he was denied his rights to a fair and impartial trial guaranteed him in the Due Process Clause of Fourteenth Amendment, U.S. Constitution; and "Law of the Land" in Delaware Constitution, Del. C. Ann. Const. Art. 1, §§ 7, 9, a

For, the appellant was entitled to a jury instruction of a lesser included offense for burglary first degree and attempt burglary second degree. see Gates v. State, Del. Supr., 424 A.2d 18, 21 (1980).

"A defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury to rationally acquit him of the greater offense and to convict him of the lesser. Id. (citing 11 Del. C. § 206 (c); and Super. Ct. Crim. R. 31 (c))."

The Trial Court decided that pursuant to Superior Court Rule 61(i)(1), this motion for postconviction relief is summarily dismissed as being time barred. see (order at 4). Because the claims in this second motion for postconviction relief are without merit and do not reach the exception under Superior Court Rule 61(i)(5).

In addressing the first of the two claims, the petitioner argued that: the State failed to meet its burden of specifying the particular felony intent and failed to specify a felony intent existed at the time of the breaking and entering, thereby entitling the defendant to a jury instruction on the lesser included offense of criminal Trespass. citing Plant v. State, 660 A.2d 395, Del. Supr. (1994), which cites Lewis v. State, Del. Supr., 251 A.2d 197, 198 (1968), and Minnick v. State, Del. Supr., 168 A.2d 93, 96 (1960); and State v. Deedon, Del. Supr., 189 A.2d 660 (1963).

1

The State relied on a theft misdemeanor to support the element of intent for the burglary first degree indictment, stating: "We're going to show you that he intended to commit the theft by the very fact that he did commit theft. Her purse was taken and later found and her phone was taken and later found," (Opening Statement -13, A-29). The theft misdemeanor indictment charged the defendant with taking a purse and phone.

The Trial Court's decision regarding this claim ignores the Supreme Court's standing on this issue in Plant v. State, and instead comments on Lewis v. State, and the burglary statute of 11 Del. C. § 392, which was in effect when Lewis was decided. The Trial Court then found, in error, that 11 Del. C. § 826, no longer requires the State to prove felonious intent. Section 392 was revised in 1974 and became 826.

The appellant asserts that this claim stands on the foundation of this Supreme Court's unpublished standing in Plant v. State, as well as Superior Court Criminal Rule 7(c).

See also, Superior Court Criminal Rule 7(c), which references Deedon's establishmen[t] that even though in burglary and statutory housebreaking the intent as defined by law, is simply to commit a felony, and the particular felony must be specifie[d]. In Deedon's case the burglary statute was 11 Del. C. § 395, burglary in the fourth degree, which reads:

"1. With intent to commit a crime therein, whether such intent be executed or not, breaks and enters a building, or a room, or any part of the building;"

Even though § 395 is no longer in effect, and makes no specific reference to level of crime, Superior C. Crim. R. 7(c) indicates that Deedon is still controling, and nothing in 11 Del. C. § 826 contradicts Deedon's standing.

The petitioner was charged and found guilty of theft misdemeanor in connection with the burglary charges.

Due to all the above, the State has failed to meet its burden of specifying a particular felony intent or to specify a felony intent existed at the time of the breaking and entering, thereby entitling the appeallant to a jury instruction on the lesser included offense of criminal trespass.

The Court in Wainwright, observed that: "it is plain error, requiring reversal, to fail to instruct the jury on the necessary elements of the crime." citing Taylor v. State, Del. Supr., 464 A.2d 897 (1983).

Therefore, the trial Court's decision to summarily dismiss this postconviction motion is in error, and the appealant is intitled to relief under Superior Court Rule 61(i)(5).

2

II. PLAIN ERROR OCCURRED FOR THE DEFENDANT'S CONVICTION IS UNDERMINDED BY A CONSTITUTIONAL VIOLATION. THE PROSECUTOR KNOWINGLY ELICITED AND ALLOWED A STATE WITNESS TO TESTIFY FALSELY IN VIOLATION OF PETITIONER'S FOURTEENTH AMENDMENT RIGHTS.

## STANDARD AND SCOPE OF REVIEW

To establish the due process violation set forth in Giglio, the petitioner must establish that the witness in question (1) gave testimony, and (2) the prosecutor knew or should have known of its falsity. When the above standard has been established; The Courts should then apply an analysis similar to that which is used in cases deciding whether Brady violations had taken place, i.e., materiality and prejudice will have to be established. United States v. Agurs, 96 S.Ct. 2392 at 2397, and United States v. Iverson, 205 U.S. App. D.C. 253, 637 F.2d 799 (1980).

Also see, Weber v. State, Del. Supr., 457 A.2d 674 (1983), holding that:
"Convictions may be invalid under the fourteeth amendment if a prosecutor has knowingly elicited false testimony relating to a witness credibility or if the prosecutor has knowingly allowed the witness to testify falsely. Citing United States v. Agurs, 427 U.S. 97, 103; 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976); Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); Napue v. United States, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957)."

The Giglio Court held: "Deliberate deception of a court and jurors by presentation of known false evidence is incompatible with rudimentary demands of justice."

The Appeallant's second claim asserts that the prosecutor knowingly presented false testimony when she allowed a police expert witness to testify that the shoe prints found at the scene of one of the crimes were from "an athletic type shoe, a sneaker type shoe". When in fact, there is an F.B.I. report that contridict the testimony of the police witness.

The Trial Court wrongfully determine this second claim to be without merit because: "There is no evidence in the record to sustain Israel's claim that the (prosecutor knowingly presented false testimony)." In coming to this wrongful conclussion the Trial Court found that the police witness statement is not at odds with the F.B.I. report.

First, the police officer's conclussion/opinion was base on his observation of of the shoe prints design. Which directly contridicts with the F.B.I. expert and report. See (A-3930).

3

"The Q18 and Q19 shoe print lifts are too limited to determine the shoe sole design, manufacturer, or brand name of shoe making these shoe prints."

Therefore, according to the findings of this F.B.I. report, the shoe prints, which were (subjected to microscopic and chemical analyses), it is highly unlikely that anyone could look at the shoe print, determine its design, and conclude the type of shoe that left the impression, expert or not. Thereby making the witness statement at odds with the F.B.I.'s report, a report the prosecutor knew of or should have known of.

The appellant asserts that the prosecutor prejudice the defendant at trial, with this false testimony, by showing a false connection with the shoe print, the victim's testimony of seeing dark high top sneakers, and the defendant owning a pair of dark high top sneakers. (closing T-28, A-31). And in doing so, misleading the Court and jury to believe this shoe print could have only been made by a sneaker type shoe, the same kind of shoes as the defendant. When in fact, this shoe print could have been made by any type of shoe, and could not be connected to the defendant.

The second question with regards to this arguement, is not whether or not the prosecutor knowingly presented false testimony, but instead whether a Brady violation had taken place. Appling an analysis from the cases of : United States v. Agurs, 96 S.Ct. 2392, and United States v. Iverson, 637 F.2d 799 (1980), citing Giglio.

The Third Circuit holds that defense counsel has such a "substantail bases for claiming materiality of evidence impeaching the truthfulness of a prosecution witness when, (veiwed prospectively as the prosecutor veiws the evidence before trial), the testimony of the witness incriminates the defendant, and the impeaching evidence significantly impairs the incriminatory quality of that testimony." United States v. Oxman, 740 F.2d 1298 at 1313, citing Agurs, 96 S.Ct. at 2397-98.

The defendant could have used the FBI's report to impeach the truthfulness of the witness testimony against the FBI's findings. By entering the FBI's report into evidence and calling FBI experts to testify and rebutt Officer Young's testimony.

The appellant also asserts, that he has suffered errors of due process and equal protection which may have reasonably contributed to his conviction. Due process errors are not harmless. "The Supreme Court will not say that errors in which due process may have been envolved were harmless beyond a reasonable doubt, when there is a reasonable possibility, in its opinon, that the errors complained of contributed to the conviction." Herhal v. United State, Del.Supr., 243 A.2d 703 (1968), aff'd, Del.Supr., 283 A.2d 482 (1971).

4

# CONCLUSION

Judge Cooch's decision regarding argument I. contradicts well established law in Plant v. State, as well as, Superior Court Criminal Rule 7(c), which points to State v. Deedon, regarding the element of intent being required to be a felony.

This is a case in controversy and petitioner appeals to this Honorable Court for relief.

For the reasons stated above the petitioner respectfully asks this Court to reverse the lower Court's decision to summarily dismiss the petitioner's second Motion for Postconviction Relief, and to grant petitioner's second motion for postconviction relief to set aside his convictions for burglary first and attempted burglary second degree, and remand for a new trial on remaining charges.

*Lee C. Israel*

February 22, 2006

## CERTIFICATE OF SERVICE

I, Lee A. Israel, hearby declare that I have rendered service of the attached Memorandum of Law and Appendix in support of his petition for Writ of Habeas Corpus By a Person In State Custody, upon the parties below by First-Class U.S. Mail from the Delaware Correctional Center, Smyrna, DE on this 23 day of February, 2006:

Loren C. Meyers
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French Street
Wilmington, DE 19801

Clerk of The Court
U.S. District Court of Delaware
844 King Street
Wilmington, DE 19801

Warden Peter Carroll
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977