ORIGINAL   UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Lee A. Israel,
    Petitioner

                                        No. :        0 6 -  1 2 4

V.



Peter Carroll, Warden
    Defendant

FILED

U.S. DISTRICT COURT
DISTRICT OF DELAWARE


Petitioner's Appendix


Loren C. Meyers
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French Street
Wilmington, DE 19801

Lee A. Israel
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Warden Peter Carroll
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

February 23, 2006

## TABLE OF CONTENTS

Superior Court Docket Sheet _____ A-1 thru A-7

Motion for Transcripts _____ A-8 thru A-10

Memorandum Opinion Denying Postconviction ___ A-11 thru A-21

Memorandum Opinion Denying Motion for Transcript_ A-22 thru A-23

Letter from Supreme Court to Superior Court Prothonotary_____ A-24

Plant v. State (Unpublished Opinions) _____ A-25 thru A

Fullman v. State (Unpublished Opinions) _____ A-27 thru A-

Opening Statement page 13 _____ A-29

Trial Transcript _____ A-30-31

FBI Report _____ A-32 thru 34

Order of Supreme Court of Delaware _____ A-35

Motion for Post Conviction Relief _____ A-36-

```
                     SUPERIOR COURT CRIMINAL DOCKET              Page    1
                         ( as of   07/12/2004 )
```

State of Delaware v.  LEE A ISRAEL                              DOB: 01/14/1965
State's Atty: DEBORAH A BLOM , Esq.           AKA:
Defense Atty: EDWARD F EATON , Esq.


Assigned Judge: POPPITI VINCENT J.

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 85002615DI | IN85050326R2 | ATT. FELONY C | TG | 11/12/1985 |
| 002 | 85002615DI | IN85050327R2 | RAPE 1ST | TG | 11/12/1985 |
| 003 | 85002615DI | IN85050328R2 | BURGLARY 1ST | TG | 11/12/1985 |
| 004 | 85002615DI | IN85050329 | PDWDCF | TDIS | 11/12/1985 |
| 005 | 85002615DI | IN85050330R2 | THEFT < $500 | TG | 11/12/1985 |
| 006 | 85002615DI | IN85061640 | BURGLARY 2ND | NOLP | 11/25/1985 |
| 007 | 85002615DI | IN85061641 | THEFT UNDER 500 | NOLP | 11/25/1985 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| | 04/30/1985 | WARRANT AND COMMITMENT $76,000 SEC.ISS.THRU JP11 | KLEINMAN,VIVIAN |
| | 05/09/1985 | PRELIMINARY HEARING WAIVED IN CCP | |
| 4 | 06/03/1985 | MEDICAL RECORDS ON JOAN G. CZARTORIJISKIJ | |
| 1 | 06/04/1985 | TRUE BILL AS TO 1639,1640 & 1641. | |
| 2 | 06/06/1985 | MOTION FOR REDUCTION OF BAIL TO BE HEARD 061785 | |
| 3 | 06/06/1985 | MOTION FOR REDUCTION OF BAIL TO BE HEARD 061785 | |
| | 06/13/1985 | ARRAIGNED,WAIVED READING,ENT PLEA N GLTY EATON,ESQ. BAIL SET ON 0326-0330 WILL COVER 1639-1641. | O'HARA ROBERT C. |
| | 06/17/1985 | MOTION FOR REDUCTION OF BAIL AS TO #003  DENIED | O'HARA ROBERT C. |
| 6 | 06/17/1985 | | |

$A$-1

```
                     SUPERIOR COURT CRIMINAL DOCKET                    Page    2
                        ( as of  07/12/2004 )
```

State of Delaware v.  LEE A ISRAEL                              DOB: 01/14/1965
State's Atty: DEBORAH A BLOM , Esq.          AKA:
Defense Atty: EDWARD F EATON , Esq.

```
        Event
No.     Date              Event                              Judge
-------------------------------------------------------------------------------
        DISCOVERY REQUEST
        08/02/1985
        STATE'S WITNESS SUBPOENA ISSUED
5       08/06/1985
        MTN.TO COMPEL TAKING BLOOD/SALIVA SAMPLE
        08/06/1985
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
        08/08/1985
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
        08/12/1985                                    MARTIN JOSHUA WILLIAM III
        MTN.TO COMPEL TAKING BLOOD/SALIVA SAMPLE
        AS TO #005   PASSED 081985
        08/19/1985                                    MARTIN JOSHUA WILLIAM III
        MOTION TO COMPEL
        AS TO #005   SIGNED
7       09/04/1985
        DISCOVERY RESPONSE
8       10/21/1985
        DISCOVERY RESPONSE
        10/29/1985
        STATE'S WITNESS SUBPOENA ISSUED
        11/04/1985
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
9       11/04/1985
        MOTION TO SEVER
        11/07/1985
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
11      11/08/1985                                    BALICK BERNARD
        OFFICE CONFERENCE
        MTNSEV IS MOOT AS TO COUNTS
        7 & 8. AS TO COUNT 4, MTNSEV
        IS GRANTED. (EATON,ESQ.)
        11/12/1985
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
        11/12/1985                                    BALICK BERNARD
        CRIMINAL TRIAL CALENDAR - TRIAL
13      11/12/1985                                    POPPITI VINCENT J.
        JURY TRIAL
        MTNDSM PDWDCF,GRANTED. JURY
20      11/12/1985                                    POPPITI VINCENT J.
        SENTENCE
        THE JURY FOUND THE DEFT.GLTY.OF
```

A-2

```
              SUPERIOR COURT CRIMINAL DOCKET                    Page    3
                   ( as of   07/12/2004 )
```

State of Delaware v.  LEE A ISRAEL                          DOB: 01/14/1965
State's Atty: DEBORAH A BLOM , Esq.          AKA:
Defense Atty: EDWARD F EATON , Esq.

```
        Event
No.     Date          Event                          Judge
-------------------------------------------------------------------------------
        RAPE 1ST.,BURG.1ST.,ATT.BURG.2ND.
        & THEFT(M).THE DEFT.MOTION TO
        DISMISS THE POSS.OF DEADLY
        WEAPON DURG.THE COMMISSION OF A
        FELONY CHRGS.WAS GRANTED. PRE-
        SENT.INVESTIGATION ORDERED.  .
     11/13/1985
        *                                           TEXT ENTRY
        FINDS DEFT.GLTY.OF RAPE 1ST,
     11/14/1985
        *                                           TEXT ENTRY
        BURG.1ST, ATT.BURG.2ND & THEFT
     11/18/1985
        *                                           TEXT ENTRY
        STATE TO N/P 1640 & 1641.   .
        1639 WAS SEVERED BEFORE TRIAL
        BEGAN. PSIORD. S/BLOM D/EATON
        CR/MEDDINGS & FELDMAN
        CC/KESSLER J/R.ROSENBERG,
        M.HANLEY,S.DOYLE,J.WILSON,
        P.GUTHRIE,R.STOWE,R.ORGIEFSKY
        (EXCUSED),V.BURR,M.WILSON,
        B.WYSOCKI,A.HANNY,P.ROBINSON,
        ALT/R.PUCKETT(REPLACED #7) &
        J.WARD.
     11/19/1985
        STATE'S WITNESS SUBPOENA ISSUED
12   11/21/1985                                    POPPITI VINCENT J.
        ORDER
        THE COURT REPORTER SHALL
        TRANSCRIBE THE ENTIRE TRIAL
        EXCLUDING OPENING & CLOSING
        ARGUMENTS OF COUNSEL & JURY
        SELECTION: THE PD SHALL BE
        RESPONSIBLE OF THE
        RESPONSIBLE.OF THE
        COTS OF THE TRANSCRIPT.
10   11/25/1985
        NOLLE PROSEQUI
        1640-1641, RSN: PROSECUTIVE
        MERIT.
14   01/06/1986
        TRANSCRIPT  OF JURY CHARGE
```

A-3

SUPERIOR COURT CRIMINAL DOCKET                     Page    4
( as of  07/12/2004 )

State of Delaware v.  LEE A ISRAEL                        DOB: 01/14/1965
State's Atty: DEBORAH A BLOM , Esq.          AKA:
Defense Atty: EDWARD F EATON , Esq.

|      | Event |                                      |                    |
|------|-------|--------------------------------------|--------------------|
| No.  | Date  | Event                                | Judge              |

JUDGE POPPITI
15   01/28/1986
     TRANSCRIPT OF TRIAL
     JUDGE POPPITI
21   02/21/1986                                           POPPITI VINCENT J.
     SENTENCE
     AS TO 0327,RAPE 1ST: PC $57.21
     BE IMP.FOR LIFE BEG.043085.THIS
     IS A MINIMUM MANDATORY SENT. THE
     1ST 20YRS.IS NOT SUBJJ.TO PROB.OR
     PAROLE. AS TO 0328,BURG.1ST: PC
     $57.21. BE IMP.FOR 30 YRS.CONSEC.
     WITH 0327. AS TO 0330,THEFT(M):
     PC $57.21.BE IMP.FOR 2YRS.CONSEC.
     WITH 0328. AS ATO 0326,BURG.2ND:F
     PC $57.21. BE IMP.FOR 20 YEARS
     CONSEC.WITH 0330. AS TO ALL CHRGS
     BE COMM.TO DEPT.OF CORR.FOR IMP.
     D/EATON S/BALICK,BLOM CR/WHITE
     CC/DORSEY
16   03/07/1986
     NOTICE OF APPEAL
     #56,1986
     03/17/1986                                           POPPITI VINCENT J.
     PRESENTENCE INVESTIGATION ORDERED
22   03/17/1986                                           POPPITI VINCENT J.
     ORDER OF JUDGMENT
17   03/25/1986
     TRANSCRIPT
     OPENING STATEMENTS TO JURY. JPOPP
18   04/07/1986
     TRANSCRIPT OF TRIAL
     JUDGE POPPITI
19   04/08/1986
     RECORDS SENT TO SUPREME COURT
20   04/11/1986
     RECEIPT RECORDS ACKNOWLEDGED BY
     SUPREME COURT
21   07/01/1986                                           POPPITI VINCENT J.
     LETTER
     APPLICATION FOR TRANSCPT.COST IS
     DENIED.

$A$-4

SUPERIOR COURT CRIMINAL DOCKET                    Page    5
                    ( as of   07/12/2004 )

State of Delaware v.  LEE A ISRAEL                      DOB: 01/14/1965
State's Atty: DEBORAH A BLOM , Esq.        AKA:
Defense Atty: EDWARD F EATON , Esq.

     Event
No.  Date          Event                              Judge
------------------------------------------------------------------------
22   07/18/1995
     MOTION FOR POST-CONVICTION RELIEF
     FILED PRO SE; REFERRED TO JUDGE
     COOCH.                            WJS
23   07/18/1995
     MEMORANDUM OF LAW
     IN SUPPORT OF MOTION FOR POST-
     CONVICTION RELIEF. (# 022)   WJS
24   07/18/1995
     MEMORANDUM OF LAW
     APPENDIX TO # 023.               WJS
25   07/19/1995
     MEMORANDUM
     TO A.G.BLOOM (RULE 61)      MEP
26   08/04/1995                              COOCH RICHARD R.
     LETTER
     TO COUNSEL FROM JUDGE COOCH,
     ENCLOSING COPIES OF DEFT'S MOTION
     FOR POSTCONVICTION RELIEF, MEMO.
     OF LAW IN SUPPORT OF MOTION FOR
     POSTCONVICTION RELIEF, APPENDIX
     IN SUPPORT OF RULE 61 & SEPARATE
     MEMORANDUM. THE COURT REQUESTS
     BOTH COUNSEL TO RESPOND, TO THE
     GROUND FOR RELIEF STATED IN THE
     MOTION ON OR BEFORE 9/8/95.  CAG
27   08/17/1995
     MOTION
     RESPONSE TO DEFT'S MOTION FOR
     POST-CONVICTION RELIEF- KATHRYN
     VAN AMERONGEN, ESQ.           DF
28   09/11/1995
     DEFENDANT'S RESPONSE
     TO THE STATE'S RESPONSE TO DENY
     PETITIONER'S MOTION FOR POST-
     CONVICTION RELIEF, FILED PRO SE,
     REFERRED TO JUDGE COOCH.     WJS
29   09/25/1995
     MOTION
     FOR SUMMARY DISPOSITION - FILED
     PRO'SE - REFERRED TO JUDGE COOCH.
30   10/31/1995

A-5

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    6
                         ( as of  07/12/2004 )
```

State of Delaware v.  LEE A ISRAEL                          DOB: 01/14/1965
State's Atty: DEBORAH A BLOM , Esq.        AKA:
Defense Atty: EDWARD F EATON , Esq.


```
      Event
No.   Date          Event                              Judge
-----------------------------------------------------------------------------
      MOTION
      (RESPONSE) MOTION FOR POST-CONVI-
      CTION RELIEF - EDWARD F. EATON,
      ESQUIRE - REFERRED TO JUDGE
      COOCH                          DF
31    11/28/1995
      DEFENDANT'S LETTER
      REFERRED TO JUDGE COOCH.       WJS
32    02/06/1996                                  COOCH RICHARD R.
      ORDER
      MOTION FOR POSTCONVICTION RELIEF
      IS DENIED.                     WJS
33    03/19/1996
      NOTICE OF APPEAL
      #99, 1996                      DF
34    03/19/1996
      LETTER
      (SUPREME COURT) TO PROTHONOTARY
      PURSUANT TO SUPREME COURT RULE 9
      (B)(II), THE RECORD MUST BE FILED
      WITH THIS OFFICE NOT LATER THAN
      040896                         DF
35    03/27/1996
      RECORDS SENT TO SUPREME COURT
                                     DF
36    04/01/1996
      RECEIPT RECORDS ACKNOWLEDGED BY
      SUPREME COURT                  DF
37    06/07/1996
      MANDATE FILED FROM SUPREME COURT - AFFIRMED.
      #99, 1996
38    09/22/1998    -                             COOCH RICHARD R.
      NOTICE OF NON-COMPLIANCE TO RULE 61 (MOTION FOR POSTCONVICTION RELIEF)
      SENT TO DEFENDANT.   THE MOVANT SEEKS CORRECTION OF AN ILLEGAL SENTENCE
      RATHER THAN COLLATERALLY ATTACKING THE JUDGMENT OF CONVICTION; SEE
      RULE 61(B)(1).
39    11/05/1998
      MOTION FOR MODIFICATION OF SENTENCE FILED.
      PRO SE - REFERRED TO JUDGE COOCH.
      REFERRED ON NOVEMBER 13, 1998.
40    01/06/1999                                  COOCH RICHARD R.
      LETTER/ORDER SENT BY JUDGE: TO DEFT. YOUR MOTION TO
```

$A-6$

```
                       SUPERIOR COURT CRIMINAL DOCKET                  Page    7
                          ( as of  07/12/2004 )
```

State of Delaware v.  LEE A ISRAEL                                DOB: 01/14/1965
State's Atty: DEBORAH A BLOM , Esq.          AKA:
Defense Atty: EDWARD F EATON , Esq.

```
        Event
No.     Date        Event                                    Judge
-----------------------------------------------------------------------------
        CORRECT AN ILLEGAL SENTENCE IS DENIED. IT IS SO ORDERED.
41     04/06/1999
        DEFENDANT'S LETTER FILED.
        RE: REQUESTING COPY OF LETTER/OPINION FROM JUDGE COOCH
42     08/21/2001
        DEFENDANT'S LETTER FILED TO JANE BRADY REQUESTING COPIES OF THE
        DISCOVERY REQUEST AND A COPY OF THE DISCOVERY RESPONSE.
43     09/04/2001
        CERTIFICATE OF SERVICE FILED.
44     07/01/2004
        MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
        REFERRED TO JUDGE COOCH
45     07/12/2004
        LETTER FROM A.HAIRSTON, PROTH. OFFICE   TO STEVEN WOOD, DAG.
        NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
        ATTACHED: COPY OF MOTION.

               *** END OF DOCKET LISTING AS OF  07/12/2004 ***
                   PRINTED BY: CSCAHAI
```

A-7

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

Lee A. Israel,
Petitioner,

     No.

v.

     Del. Supr.,

State of Delaware,
Defendant.

## Motion for Transcripts

COMES NOW, Lee A. Israel, the indigent, incarcerated pro se petitioner, who moves this Honorable Court for an Order directing that he receive one (1) photocopy of the previously prepared Transcripts of the following proceedings before the Court, at no cost to him;

(A)  The pretrial Transcripts, regarding the discovery request and discovery responses; at Superior Court Criminal Docket, (No. 6, Event date 6-17-1985, discovery request), (No. 7, 8, Event dates 9-4-1985, 10-21-1985, discovery responses).

(B)  The Post-Trial Transcript. During Judge Cooch's response to petitioners second postconviction motion, Judge Cooch made reference to a section of the; (Delaware Criminal Code: With Commentary 1973, (Commentary § 824)). The law libraries here do not have this information available.

A-8

In support of the instant Motion, defendant states:

(1) That he is indigent and cannot afford the cost of either transcription or photocopying. The Office of The Public Defender found him to be indigent at the trial level and, more recently, The Delaware Supreme Court has found such. Petitioner argues that any doubt as to his indigency must be made as a matter of record so that determination is reviewable. see Stacey v. State, Del. Supr., 358 A.2d 380.

(2) The transcripts are necessary for defendant to proceed with his post-conviction remedies which are guaranteed by both the Delaware and United States Constitutions.

(3) Pursuant to <u>Rule 26 (e and f)</u> of the Supreme Court, it is possible for petitioner to obtain one (1) copy, free of charge, for appellate purposes, of the requested transcripts, provided that a Judge of this Court certifies the need for same.

(4) Petitioner argues that he has a Constitutional Right to free Transcripts. He does have a right to gain a meaningful review of all proceedings leading to judgement of conviction, <u>Griffin v. Illinois</u>, 351 U.S. 12 (1956), as well as to " open an inquiry into the intrinsic fairness " of those proceedings,

A-9

Carter v. Illinois, 329 U.S. 173, 175 (1946). see also Curran v. Wolley, Del. Supr., 104 A.2d 177, 179 (1962)(applying Carter); Jones v. Anderson, Del. Supr., 183 A.2d 177, 179 (1962) (applying Curran). Griffin ruled that "destitute defendant's must be afforded as adequate appellate review as defendant's who have money enough to buy transcripts" Id. 351 U.S. at 17 (76 S.Ct. at 591).

Moreover, in an "access to the Courts" context, the United States Supreme Court ruled the "states must... expend funds for transcripts." Bounds v. Smith, 430 U.S. 817, ___ (97 S.Ct. at 1497).

WHEREFORE, the defendant respectfully requests the Court to grant his Motion For Transcripts.

Respectfully Submitted,

Date: _____

Lee A. Israel, Pro se
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## ORDER

HAVING CONSIDERED defendant Lee A. Israel's Motion for Transcripts, as well as any response served and filed thereto, if any.

IT IS ORDERED this ___ day of _____, 2004.

A-10

SUPERIOR COURT

OF THE

STATE OF DELAWARE

RICHARD R. COOCH                                      NEW CASTLE COUNTY COURTHOUSE
RESIDENT JUDGE                                        500 N. KING STREET, SUITE 10400
                                                      WILMINGTON, DELAWARE 19801    -
                                                      (302) 255-0664

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| | ) | |
| | ) | **ID # 85002615DI** |
| v. | ) | |
| | ) | |
| | ) | |
| **LEE A. ISRAEL** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

Submitted: July 1, 2004
Decided: September 24, 2004

Upon Defendant's Motion for Postconviction Relief.

**SUMMARILY DISMISSED.**

**ORDER**

Upon this 24th day of September, 2004 it appears to the Court that:

1.      Defendant Lee A. Israel ("Israel") has filed his second motion for
postconviction relief.  Israel filed his first motion in July of 1995, which was filed
more than three years after his conviction became final.[1]  In his first motion for

---

[1] Israel's conviction became final in 1986 with the issuance of the mandate under Delaware
Supreme Court Rule 19 in *Israel v. State*, 514 A.2d 413 (Del. 1986).

1

*A-11*

Israel had also filed a motion for modification of sentence in November 1998. This Court notes that Israel's 1996 motion for postconviction relief contained a claim that Mr. Eaton had not objected to an incorrect sentence. Israel argued that Mr. Eaton should have objected to the 20 year mandatory portion of his life sentence for the Rape conviction. In denying Israel's motion, this Court held that "[s]ince [Israel] was convicted and sentenced prior to July 9, 1986, his sentence was not affected by the amendment. [Citation omitted]. Thus, the sentence was properly imposed and Mr. Eaton was under no duty to object to sentencing on the basis of an amendment which had not yet come into existence."[4]

2.     Israel argues two grounds for postconviction relief in his current motion. Israel's first argument is that he was "entitled to a jury instruction of the lesser included offense for burglary first degree and attempt[ed] burglary second degree."[5] His second argument is that the prosecutor knowingly "presented false evidence in the form of [a] police officer testifying falsely regarding shoeprints evidence."[6] Both of theses arguments were essentially argued in previous court proceedings and have only been reframed by Israel in order to avoid the procedural bars of Superior Court Criminal Rule 61(i)(1) and (i)(4). Rule 61(i)(1) bars

---

[4] *State v. Israel*, Del. Super., ID No. 85002615DI, Cooch, J. (Jan. 6, 1999) (Let. Op.).

[5] Defendant's Memorandum of Law in Support of Rule 61 Motion for Postconviction Relief at 6 (hereinafter "Def's Memo. at _").

[6] Def's Memo. at 15.

are too limited to determine the shoe sole design, manufacturer or brand name of the shoe making these shoe prints."[11]

3. Before addressing the merits of any claim raised in a motion seeking postconviction relief, the Court must first apply the rules governing the procedural requirements of Super. Ct. Crim. R. 61.[12] Rule 61(i)(1) provides that "[a] motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[13]

Rule 61(i)(4) provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice."[14] "The interest of justice [exception under Rule 61(i)(4)]

---

[11] Def's Memo at 15.

[12] *Bailey v. State,* Del. Supr., 588 A.2d 1121, 1127 (1991); *Younger v. State,* Del. Supr., 580 A.2d 552, 554 (1990) (*citing Harris v. Reed,* 489 U.S. 255, 265 (1989)).

[13] Super. Ct. Crim. R. 61(i)(1).

[14] Super. Ct. Crim. R. 61(i)(4).

a claim in his direct appeal of his conviction to the Delaware Supreme Court that there was insufficient evidence to support a guilty verdict for his conviction of burglary first degree and attempted burglary second degree, which is similar to the claim he makes now that he was entitled to a jury instruction for criminal trespass because there was not sufficient evidence to support the charges of burglary first degree and attempted burglary second degree.[18]  In his direct appeal, Israel also made a claim that the trial court abused its discretion in ruling that a police witness was qualified as a shoe expert, which is in essence, the same claim as his argument that the prosecutor knowingly used false testimony of the police.

The Court holds that the claims offered in the second motion for postconviction relief have already been presented by Israel in previous proceedings.  Israel has attempted to attack the sufficiency of the evidence supporting his burglary conviction a second time by framing the issue as an error of law question.[19]  He has also attempted to attack the legitimacy of the police expert witness's testimony again by framing the question as *Brady* violation and prosecutorial misconduct question.[20]  While these two new questions are not exactly the same as the claims raised in the prior proceedings, this Court finds that

---

[18] *Israel*, 514 A.2d 413 at 413.

[19] In his direct appeal, Israel attacked the sufficiency of the evidence supporting his burglary convictions because there was not enough evidence to find that he was armed with a knife.

[20] Israel attacked the introduction of the police expert witness's testimony on the grounds that he was not qualified to be admitted as an expert.

7

*A-17*

longer required the State to prove felonious intent.[24]  Instead,  § 826 reads that the
State must only prove that the defendant intended to commit a crime, without
reference to a specific level of crime. The jury found Israel guilty of the crime of
theft in connection with the burglary charges and that the Delaware Supreme Court
affirmed that verdict, therefore the State met its burden and Israel's claim is
summarily dismissed. Rule 61(i)(5) does not grant Israel relief because Israel has
misread the applicable statute, 11 *Del. C.* § 826, and has not shown a "colorable
claim that there was a miscarriage of justice because of a constitutional violation
that undermined the fundamental legality, reliability, integrity or fairness of the
proceedings leading to the judgement of conviction."

    Israel's second claim, that the "prosecutor knowingly presented false
testimony,"[25] when she allowed a police expert witness to testify that the shoe
prints found at the scene of one of the crimes were from "an athletic type-shoe, a
sneaker-type shoe," is also without merit.  Israel relies on the FBI report that
stated, in summary, that the shoe prints recovered at one the crime scenes were

---

[24] In *Delaware Criminal Code: With Commentary 1973*, the editors explain that "[b]ecause
burglary was [historically] a capital offense, judges and juries took a highly technical view of the
crime. [Citation omitted]. Therefore the old law contained many refinements upon the
requirements of breaking and entering. [Citation omitted]. An intent to commit a felony, existing
prior to the breaking and entry, was an element of the offense." (Commentary § 824).  The pre-
1955 revised Code still contained a severe penalty for burglary first degree.  The pre-1955
revision, § 401 Burglary at night with intent to murder or rape, provided for a fine not less than
$500, whipped with not less than 10 nor more than 40 lashes, and imprisoned not less than 3 nor
more than 25 years.

[25] Defendant's Motion for Postconviction Relief at 3 (hereinafter "Def's Mot. at _").

9
A-19

reliability, integrity or fairness of the proceedings leading to the judgement of

conviction."

For the foregoing reasons, Defendant's Motion for Postconviction Relief is

**SUMMARILY DENIED.**

**IT IS SO ORDERED.**

Richard R. Cooch, J.

oc: Prothonotary
cc: Steven P. Wood, Esquire
   Edward F. Eaton, Esquire
   Investigative Services

11
A-21

SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD R. COOCH
*RESIDENT JUDGE*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0664

Mr. Lee A. Israel
S.B.I. #181371
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Re: ***State of Delaware v. Lee A. Israel***
ID #85002615DI

Submitted: November 15, 2004
Decided: November 18, 2004

Dear Mr. Israel:

I am in receipt of your November 15, 2004 "Motion for Transcripts" in the above captioned case.

As grounds for the above motion you argue that 1) you are an indigent person, 2) transcripts are necessary to proceed with your postconviction remedies, 3) that you have requested copies of transcripts from the Office of the Public Defender and have not been provided same, 4) pursuant to Supr. Ct. R. 26 (e) & (f) you are entitled to one copy, free of charge, for appellate purposes and 5) you have a constitutional right to free transcripts.

There is no constitutional right to the provision of a free trial transcript for the preparation of a post-trial motion. *State v. Doran*, Del. Super., Cr.A. Nos IN90-08-1791 & 1792, Barron, J. (June 12, 1992) (ORDER), citing *State v. Bordley*, Del. Super., Cr.A. No. IK85-05-002, Steele, J. (Oct. 26, 1989). Rather, the right of a criminal defendant to the provision of a free trial transcript is governed by rule. *Doran, supra.* As noted in *Doran*, under Super. Ct. Crim. R. 61(d(3): "the judge may order the preparation of a transcript of any part of the prior proceedings in the case needed to determine whether the movant may be entitled to relief." Thus, "it is within the discretion of the judge who has examined the motion and contents of the record to determine whether to order the preparation of a transcript of any part of the prior proceedings. *Doran, supra, citing Bordley, supra* at 4. *Doran* and *Bordley* make clear that when the defendant offers no

$A$-22

factual basis and fails to clearly identify any fundamental rights that were violated, the Court will find the defendant's claims "frivolous" and deny the motion.

Accordingly, your motion is denied because it fails to show either that there is some legal or factual basis for relief and that there is a particularized need for the transcript, *see Bratcher v. State*, Del. Supr., No. 331, 1998, Veasey, C.J. (Nov. 10, 1998) (ORDER).

**IT IS SO ORDERED.**

Very truly yours,

RRC/mtc
cc:    Department of Justice
       Prothonotary
       Presentence

$A$-23

SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*

DEBORAH L. WEBB
*Chief Deputy Clerk*

LISA A. SEMANS
*Senior Court Clerk*

November 24, 2004

#9
SUPREME COURT BUILDING
55 THE GREEN
P.O. BOX 476
DOVER, DE 19903

(302) 739-4155

Sharon Agnew
Prothonotary
Superior Court
New Castle County Courthouse
Wilmington, DE 19801

> RE:   ***Israel v. State,*** No. 476, 2004
>        (Cr. ID No. 85002615DI)

Dear Ms. Agnew:

Please be advised that the record must be filed with this office no later than **December 17, 2004.** If the record is not filed by the above date, you must seek an extension from the Court and state the reasons for the delay in the transmittal of the record. Any such request for an extension must be specific as to the day the record will be filed.

If you have any questions, please contact me at your convenience.

Very truly yours,

Lisa A. Semans

cc:   Mr. Lee A. Israel
      Loren C. Meyers, Esquire

A-24

# Westlaw.

660 A.2d 395 (Table)
660 A.2d 395 (Table), 1995 WL 253334 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 660 A.2d 395, 1995 WL 253334 (Del.Supr.))**

Page 1

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.

AL A. PLANT, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.

**No. 240, 1994.**

Submitted: March 16, 1995.
Decided: April 26, 1995.

Court Below:   Superior Court of the State of Delaware in and for New Castle County, Cr.A.Nos. IN93-10-0278 through 0280, IN93-12-1180 through 1183, IN93-10-0483 and P93-12-1181.

Superior Court, New Castle County.

AFFIRMED.

Before VEASEY, Chief Justice, and WALSH AND HOLLAND, JJ.

*ORDER*

VEASEY, Chief Justice.

\*\*1 This 26th day of April, 1995, upon consideration of the briefs of the parties, it appears to the Court that:

(1) On June 14, 1994, defendant-below, appellant, Al A. Plant ("Plant"), approached the home of Ms. Phyllis Medley ("Medley"). Medley and Plant were involved in a romantic relationship for eight months which Medley terminated two days prior. Upon his arrival at the Medley home, Plant testified that he politely knocked and was later invited into the residence.   Medley states that Plant tried to gain entrance through the front door.   When he was denied entrance, he broke a basement window, and continued to try and gain entry through the front door with garden shears.   Once in the house, a verbal and physical fight broke out between Plant and Medley.

(2) On March 17, 1994, a jury found Plant guilty of second degree burglary and criminal mischief.   Plant was sentenced to six months in jail with 18 months probation.   Plant appeals the second degree burglary conviction.

(3) Plant argues that the trial court erred in allowing the jury to consider second degree burglary based on insufficient evidence to support the charge. Specifically, Plant claims he had no intention to commit a crime within the residence.   Additionally, Plant argues that he did not enter the premises unlawfully, but rather, was invited in by Medley.

(4) Plant's claim that the Superior Court erred is without merit.   "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully:  (1) In a dwelling with intent to commit a crime therein...." 11 *Del.C.* § 825.   In an indictment for burglary, the prosecution must specify the particular felony the defendant intended to commit following his breaking and entering, and must prove that the felonious intent existed at the time of the breaking and entering. *Lewis v. State,* Del.Supr., 251 A.2d 197, 198 (1968);   *State v. Minnick,* Del.Supr., 168 A.2d 93, 96 (1960) (stating that the element of intent is the essence of a burglary charge and that the prosecution must prove this intent).   The State may prove intent through inferences from the actions of the defendant. *Lewis,* 250 A.2d at 198.

(5) The State presented testimony from two witnesses who saw and heard Plant trying to enter the residence through the basement window.   The first witness, a neighbor of Medley, testified that Plant was loud and agitated when he was trying to gain entry into the residence.   When Plant could not gain entry by arguing with Medley, the witness testified that Plant attempted to enter the home by a basement window and finally used garden shears on the front door knob.   This witness also testified that she saw Plant hit Medley with the iron after the two parties struggled.   The second witness was Medley's former husband who testified that he saw Plant strike Medley with an object.

(6) Viewing the evidence in the light most favorable to the State, we find that there is sufficient evidence that a rational trier of fact could have found the essential elements of second degree burglary beyond a reasonable doubt. *See Skinner v. State.* Del.Supr.,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

660 A.2d 395 (Table)
660 A.2d 395 (Table), 1995 WL 253334 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 660 A.2d 395, 1995 WL 253334 (Del.Supr.))**

575 A.2d 1108, 1121 (1990) ( " '[T]he relevant
question is whether, after reviewing the evidence in
the light most favorable to the prosecution *any*
rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt' ")
(quoting *Williams v. State,* Del.Supr., 539 A.2d 164,
168 (1988) (quoting *Jackson v. Virginia,* 443 U.S.
307, 319 (1979) (emphasis in original))).    The
evidence was sufficient to support the conviction of
second degree burglary. There was no error by the
trial court.

**\*\*2** NOW, THEREFORE, IT IS ORDERED that the
judgment of the Superior Court be, and the same
hereby is,

AFFIRMED.

660 A.2d 395 (Table), 1995 WL 253334 (Del.Supr.),
Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

A-26

# Westlaw.

572 A.2d 393 (Table)
572 A.2d 393 (Table), 1990 WL 17781 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 572 A.2d 393, 1990 WL 17781 (Del.Supr.))**

Page 1

# H

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.

Stephen FULLMAN, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.

#### No. 431,1987.

Submitted: Dec. 5, 1989.
Decided: Jan. 16, 1990.

Superior Court, New Castle County.

AFFIRMED.

Before MOORE, WALSH and HOLLAND, Justices.

#### *ORDER*

MOORE, Justice.

**\*\*1** This 16th day of January, 1990, it appearing that:

1) The appellant, Stephen Fullman, was tried and convicted of attempted burglary in the third degree by a jury in Superior Court. No direct appeal was filed after his conviction, but three and one half months later Fullman filed a motion for post-conviction relief which was summarily denied. This Court ultimately allowed Fullman to amend his post-conviction relief motion to allege claims that would have been available on direct appeal because it was determined that Fullman's trial counsel did not fulfill his obligation under Supreme Court Rule 26(c) to file a timely appeal. *Fullman v. State,* No. 431, 1987, Holland, J. (June 10, 1988) (ORDER). That amended post-conviction relief motion was also denied by the Superior Court, and Fullman appealed.

2) On the evening of November 7, 1986, Stephen Fullman and another man were seen at the back door of Tee Vee Time, a television rental store, moments after its burglar alarm sounded. The store was closed, and most of its contents had been removed, although some television and video equipment still remained inside. After the alarm sounded, Fullman was seen jumping off the store's landing and driving away in a large, dark car with the license plate "FOOTS". The eyewitness, a clerk at Dollar Discount store, called the police. During her conversation, Fullman and the other man walked into Dollar Discount to buy cigarettes and left when they discovered the store had none. Later, Fullman and the other man were located and arrested. Two screwdrivers were found in the trunk of the car, and scratch marks were found on the doorplate of Tee Vee Time. Fullman and the other man were also positively identified by the Dollar Discount clerk.

3) On appeal, Fullman asserts three errors. First, he contends that the indictment for attempted burglary third degree failed to state the offense because it did not allege the necessary element of intent to commit a crime therein. Second, he claims the trial court should have granted his motion for a judgment of acquittal because the State presented insufficient evidence to establish beyond a reasonable doubt that he intended to commit a specific crime within the premises. Finally, Fullman maintains that the trial court may have confused the jury by over-defining the crime. We will address these claims in turn.

4) Fullman's first argument is untimely. Prior to trial, he made no objection to the form of the indictment, and he pled not guilty pursuant to Superior Court Criminal Rule 10(b), declaring that he understood the nature of the accusations against him. Fullman cannot now object to deficiencies in the indictment. Super.Ct.Crim.R. 12(b). *See also Fountain v. State,* Del.Supr., 288 A.2d 277 (1972) (claim of defects in information rejected as untimely after conviction).

5) Fullman's second argument also fails. As the appellant notes, in *Lewis v. State,* 251 A.2d 197, 198 (1968), we stated:

**\*\*2** The State is not required to prove by direct evidence the specific felonious intent in a charge of burglary. Of necessity, this intent may be proven only by inferences drawn from the actions of the defendant, since burglars do not as a matter of course record for the State's convenience the felonious intent

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

572 A.2d 393 (Table)
572 A.2d 393 (Table), 1990 WL 17781 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 572 A.2d 393, 1990 WL 17781 (Del.Supr.))**

Page 2

with which they break and enter.

Based on the evidence presented in this case, the jury had sufficient circumstantial evidence from which to infer that Fullman intended to break into Tee Vee Time and commit theft: 1) his rapid departure from the scene after the burglar alarm sounded; 2) the scratch marks on the back doorplate were consistent with marks made by screwdrivers found in Fullman's vehicle; and 3) the store contained valuable equipment not yet moved to its new location.

6) We note that the evidence of intent in this case differentiates it from our previous holding in *Porter v. State,* Del.Supr., 243 A.2d 699 (1968). In that case, we found no intent to commit a crime in a store which had been vacant for a long period of time, particularly since the defendant merely used the vacant store as a means of access to a nearby liquor store. *Id.* at 702. By contrast, here, the store was not vacant. The move had occurred only three days earlier, and it still contained some living room sets.

7) Fullman's third and final claim is that the trial court's instruction to the jury regarding the intent element of burglary was incorrect and misleading. Fullman did not raise this issue in the trial court, and we are reluctant to review it on appeal unless it was plain error. Supr.Ct.R. 8. Moreover, jury instructions will not serve as grounds for reversible error if they are "reasonably informative and not misleading judged by common practices and standards of verbal communication." *Sheeran v. State,* Del.Supr., 526 A.2d 885, 894 (1987) (quoting *Baker v. Reid,* Del.Supr., 57 A.2d 103, 109 (1947)). Considered as a whole, the charge was not misleading or incorrect. Although it did not mirror the pattern charge, it adequately instructed the jury on what they had to find to convict the defendant.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

572 A.2d 393 (Table), 1990 WL 17781 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

A-28

twelve midnight -- did knowingly and unlawfully enter a

dwelling -- and Joan will testify this is her house.and her

dwelling -- located at 63 Chesterfield Drive, New Castle,

Delaware, with the intent to commit the crime of theft

therein, and when in said dwelling he was armed with a knife

with a fixed blade.

We're going to show you that he intended to

commit the theft by the very fact that he did commit theft.

Her purse was taken and later found, and her phone was taken

and later found, and I will describe to you in a few minutes

where those items were found.

The next requirement on that is that he was armed

with a knife, a deadly weapon. To be armed with a knife

doesn't mean he had to be holding it in his hand the whole

time he was commiting the burglary or the whole time he was

in the house. It just means that at some time while he was

there he did possess it. And we know that because that knife

had been in the kitchen drawer before he entered the house,

and Joan found it on the floor of her bedroom, and the only

way it could have gotten there was because that man took it

out of the drawer as he came through the house and brought

it there and dropped it on the floor.

The next charge is a charge of theft. I'm sorry.

27

How does the State know that the defendant
committed these crimes? Well, first, we look at when and
where these crimes took place. They took place -- once
again, Sunday, April 21st, 1985, and at 16 Karlyn Drive,
it was about 11:25 at night. A redwood picnic bench was
drawn up to the window. The window which should have been
closed before, according to Deardra Carter -- should have
been closed before, but was open, and a man came in and
then between 11:40 and 11:45 at 63 Chesterfield Drive,
which one witness testified was a three to five minute
walk away from Karlyn Drive, a bench was drawn up to a
window that had been closed, someone entered the window
and the person was described by Joan Czartorijskij as
wearing dark hi-top sneakers, dark pants and a T-shirt.

And at both those places there were footprints
found and Deardra Carter's house, there was footprints
seen on the bench and at the Czartorijskij house, there
was footprints on the washing machine inside the house.

And Corporal Young testified that he has examined
footprints, he is an evidence detection officer, and he
has had an opportunity to examine prints that are left
behind and compare them with and look at the bottoms of
footwear. And his conclusion was that these footprints

A-30

were athletic-wear footprints, sneakers, running shoes, athletic footwear.  And that is consistent with the defendant having those dark hi-top sneakers.

The dark hi-top sneakers that both women testified to, a pair were found at Lee Israel's house by Detective Hedrick.  He also saw jeans at his house, too many pairs to even bring, there were so many, and the same with the T-shirts.  He saw the shirts that could have been the T-shirt that Joan Czartorijskij saw on the man who raped her.

The next thing we have is the description of the man.  Deardra Carter didn't see his face, but Joan Czartorijskij saw this man and how did she describe him -- and as we go through this, I will tell you all the things she described and look at that man sitting over there at counsel table and think about whether or not this is an accurate description of Lee Israel.

The first was -- and it's not really a physical characteristic -- but he smelled of beer.  And both Lee Israel and Ernest Neal admit he does drink beer.  The next is that he was a black male.  The next is he was thin, had bony fingers.  And Lee Israel himself testified he weighed 145 pounds.

(🐝) (



7-2 (5-12-82)

RECORDED
5/1/85
sh #28
3

FEDERAL BUREAU OF INVESTIGATION
UNITED STATES DEPARTMENT OF JUSTICE
Laboratory Work Sheet

To: Colonel John R. McCarnan
Chief of Police
New Castle County Police Department
3601 North DuPont Highway
New Castle, Delaware    19720

Re: Attention:

UNKNOWN SUSPECT;
RAPE ──────────── - VICTIM;

FBI FILE NO. 95-266880 -6

LAB. NO.    50426038 S/WK WP U

YOUR NO.    32-85-24529

Examination by:

KI to WP on 5-1-85

Q18 - Q19 to UI on 5-1-85

Examination requested by:    Addressee    Q18-Q19 to UI on 5-1-85

Reference:    Letter dated April 24, 1985

Examination requested:    Microscopic Analyses - Chemical Analyses - Docu
Shoe Print- Fingerprint

Specimens received:

Specimens personally delivered by ──────────── on
April 26, 1985:

ITEMS FROM VICTIM:

Evidence and dictation
rec'd by UI on 5-9

Q1
Q2
Q3
Q4
Q5
Q6

Q18-Q19 to UI 5/14
retention
refused 6/5

93-Q6, Q9-Q13,
Q15 to WP on 5-

Page 1    Results to secret...
7/2/85 serolog results
8/5/85

(over)

A/S items to LFPS ──────── for
exam and return to contributor.
5-23-85

7.1a        7.1a
7/2/85      8/14/85
WWO:sh      lclx:sh

Q1 to WP 7-1

Evidence rec'd
WP on 7-29-85 w
dictation

(3)
A-3)

Specimens received May 15, 1985 under cover of letter dated
May 7, 1985 (50517025 S WK):

Q20  Head hair combings from suspect

Q21  Pubic hair combings from suspect

K12  Head hair sample from suspect

K13  Pubic hair sample from suspect

Result of examination:

       No hairs of Negroid origin were found on or in
the items from the victim or the scene.

       Per conversation with ▮▮▮▮▮▮▮▮▮▮▮▮▮
on June 20, 1985, no examiantions were conducted on specimens
Q7 or Q8.

       No hairs of Caucasian origin were found in specimens
Q20 or Q21.

       Textile fibers removed from the submitted items
have been placed in pillboxes for possible future comparisons.

       The Q18 and Q19 shoe print lifts are too limited
to determine the shoe sole design, manufacturer, or brand
name of shoe making these shoe prints.

       The other requested examinations are continuing
and you will be advised of those results and the disposition
of the submitted items by separate reports.

b7C

Page 3
50426038 S/D WK

A-33



# REPORT of the
## FBI LABORATORY

### FEDERAL BUREAU OF INVESTIGATION
### WASHINGTON, D. C. 20535

To: Colonel John R. McCarnan
Chief of Police
New Castle County Police Department
3601 North DuPont Highway
New Castle, Delaware 19720

LOCAL & STATE

June 19, 1985

FBI FILE NO.

LAB. NO. — 50509021 D UI

Re: Attention: [redacted]
Criminal Investigations
Unit

YOUR NO. 32-85-24329

[redacted] UNKNOWN SUBJECT; [redacted] - VICTIM;
RAPE

Examination requested by: Addressee

Reference: Letter dated May 3, 1985

Examination requested: Shoe Print

Specimens:

K6-K7      Pair of shoes
K8-K9      Pair of shoes
K10-K11    Pair of shoes

Result of examination:

The Q18 and Q19 lifts lack sufficient clarity and detail for meaningful conclusions to be reached whether the Q18 and Q19 lifts were made by the K6 through K11 shoes.



Specimens K6 through K11 are returned under separate cover. Photographs are retained.

MAILED 14
JUN 24 1985
FBI

JUN 26 1985

(4)

This examination has been made with the understanding that the evidence is connected with an official investigation of a criminal matter and that the Laboratory report will be used for official purposes only, related to the investigation or a subsequent criminal prosecution. Authorization cannot be granted for the use of the Laboratory report in connection with a civil proceeding.

53 OCT 10 1985
MAIL ROOM

(指)
A-34

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEE A. ISRAEL, | § | |
| | § | |
| Defendant Below- | § | No. 476, 2004 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID. 85002615DI |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 18, 2005
Decided: February 25, 2005

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices.

## O R D E R

This 25th day of February 2005, after careful consideration of the appellant's opening brief and the State's motion to affirm, we find it manifest that the judgment of the Superior Court should be affirmed on the basis of the Superior Court's well-reasoned decision dated September 24, 2004. The Superior Court did not err in concluding that Israel's second motion for postconviction relief was time-barred and that Israel had failed to overcome this procedural hurdle.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR __NEW CASTLE__ COUNTY


STATE OF DELAWARE )
v. )   No. _____
)   (to be supplied by Prothonotary)
LEE A. ISRAEL )
_____ )
Name of Movant on Indictment )
)
LEE ANTHONY ISRAEL )
_____ )
Correct Full Name of Movant )


## MOTION FOR POSTCONVICTION RELIEF

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND
FOR NEW CASTLE COUNTY.

Lee A. Israel,

--------------

Defendant - Below,

Petitioner,

v.                                        : Cr. A. No._____

STATE OF DELAWARE,

Respondant.

## MEMORANDUM OF LAW IN SUPPORT OF
## RULE 61 MOTION FOR POST CONVICTION RELIEF

Comes now, the defendant, Lee A. Israel, Pro'Se, and moves this
Honorable Court pursuant to Superior Court Criminal Rule 61, to reverse
his convictions on the charges of : RAPE First Degree, BURGLARY First
Degree, Attempted BURGLARY Second Degree, and THEFT - Misdemeanor.

WHEREFORE, based on the errors of law and constitutional violations
as stated in the attached motion for post-conviction relief. This is the
defendant's memorandum of law in support of his request for relief.

*Lee A. Israel* — 6-27-04

LEE A. ISRAEL, Pro Se
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE   19977

## CASE HISTORY

The record shows that Lee A. Israel, on or about November 8-14, 1985, was brought to trail on charges of rape first degree, burglary first degree, attempted burglary second degree, theft misdemeanor, and possession of a deadly weapon during the commission of a felony in the Superior Court in and for New Castle County. On November 12, 1985, the Court granted a defense motion to dismiss the charge of possession of a deadly weapon during the commission of a felony. The jury returned a guilty verdict on all other remaining charges on November 14, 1985. Judge Vincent Poppiti sentenced Lee A. Israel on February 21, 1986, to the following consecutive terms: Rape First Degree, life imprisonment with the first 20 years mandatory; Burglary First Degree, thirty years; Theft Misdemeanor, two years; Attempted Burglary Second Degree, twenty years. The Order of Judgement was signed on February 21, 1986. On July 18, 1986, an appeal was filed to the Supreme Court by attorney Wade W. Scott, Esq. The State filed a motion to affirm the conviction on July 24, 1986. On August 22, 1986, the Supreme Court decided in favor of the State and upheld the lower Court's Judgement. On July 18, 1995, a motion for Post Conviction Relief was filed Pro Se, and referred to Judge Cooch. (along with Memorandum of law and Appendix). Post Conviction Relief motion denied on February 6, 1996. Notice of appeal filed on March 19, 1996, to Supreme Court. On June 7, 1996, Supreme Court affirmed lower Court's decision. Motion for correction of an illegal sentence was filed September 22, 1998.

(2)

## BARS INAPPLICABLE 61 (i)(5)

THE BARS TO RELIEF OF THE SUPERIOR COURT CRIMINAL RULE 61 (i)(5), AFFORD
THE PETITIONER CONSIDERATION TO THE COLORABLE CLAIMS THAT THERE WAS A
MISCARRIAGE OF JUSTICE BECAUSE OF A CONSTITUTIONAL VIOLATION THAT UNDERMINED
THE FUNDAMENTAL LEGALITY, RELIABILITY, INTEGRITY, OR FAIRNESS OF THE
PROCEEDINGS LEADING TO THE JUDGMENT OF CONVICTION.  THE PETITIONER DECLARES
THAT SUPERIOR COURT CRIMINAL RULE 61(i)(5) SHOULD AFFORD AN INDEPENDANT
AVENUE OF RELIEF.

## Standard and Scope of Review

The standard and scope of review applicatable to these claims is whether
the petitioner has a colorable claim that there was a miscarriage of justice
because of a constitutional violation that undermined the fundamental
legality, reliability, integrity, or fairness of the proceedings leading
to the judgment of conviction.  The Superior Court Criminal Rule 61(i)(5),
whether the petitioner has a guaranteed Due Process and Equal Protection
Right to collaterally attack his convictions by meaningful Court access
and meaningful employment of Post-Conviction remedies that are afforded to
all citizens by both the State and Federal Government.

In addressing the bars to relief and how they relate to the petitioner,
First, petitioner asserts that his fundamental rights to confrontation, due
process and equal protection, 6th and 14th Amendments, was violated causing
petitioner to suffer a miscarriage of justice that undermined the fundamental
legality, reliablity, integrity, or fairness of the proceedings leading to
the judgment of conviction. (see Argument I,II).

Furthermore, the procedural requirement of Rule 61(i)(1,2,&3), bars the
petitioner access to relief.  Unless the petitioner can show a colorable
claim that a miscarriage of justice because of a constitutional violation
occurred. Rule 61(i)(5).

The Supreme Court held in Boyer v. State,Del. Supr. 562 A.2d 1186 (1989), the time limitation in Rule 61(i)(1) is by no means absolute or unconditional, a claim challenging jurisdiction or stating that a miscarriage of justice occurred may be considered even if more than three years has elapsed. Rule 61(i)(5).

The Supreme Court also held that: The "fundamental fairness" exception of subsection (i)(5) to the procedural bar of subsection (i)(2) is a narrow one and has been applied only in limited circumstances, such as when the right relied upon has been recognized for the first time after the direct appeal. see Maxion V. State,Del. Supr.,686 A.2d 148 (1996).

Also, any ground for relief not asserted in the proceedings leading to the judgment of conviction is barred unless the movant shows cause for relief from the precedural default and prejudice. Rule 61(i)(3). This bar to relief does not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction. Rule 61(i)(5). see Outten v. State,Del.Supr.,720 A.2d at 556 (1998).

The burden of proving the constitutional violation is on the movant. Bailey v. State, Del.Supr., 588 A.2d 1121,1130 (1991) citing Younger v. State, Del.Supr.,580 A.2d 552, 555 (1990).

It is respectfully submitted that the error which occurred in this case is of the type that the Rule 61(i)(5)  envisions. see Argument I,II.

ARGUMENT

PLAIN ERROR OCCURRED FOR THE DEFENDANT LEE A. ISRAEL
WAS INTITLED TO HAVE THE JURY INSTRUCTED ON A LESSER
INCLUDED OFFENSE FOR BURGLARY FIRST DEGREE AND ATTEMPT
BURGLARY SECOND DEGREE. Wainwright v. State,Del.Supr.,
504 A.2d 1096, 1100 (1986).


In order to prevail on a motion arguing a plain error violation,
the petitioner must establish that: "the error complained of must be
so clearly prejudicial to substantial rights as to jeopardize the fa-
-irness and integrity of the trial process." Wainwright v. State ,
citing Button v. State,Del.Supr., 452 A.2d 127, 146 (1982).

The petitioner notes at the outset of the Delaware Superior Court's
concern that a defendant's failure to object at trail usually const-
-itutes a waiver of the defendant's right to raise the issue on appeal
unless the error is plain. Goddard v. State,Del.Supr., 382 A.2d 238,
247 (1977). see also Superior Court Criminal Rule 52(b). The record
in this case reveals that no such motion was made by defense counsel.

The petitioner asks this Court, to consider the substantive merits
of the evidence argument. Such a substantive determination would
accord with the Due Process Clause of the Fourteenth Amendment.

"Due Process of Law" means one, which following the form of law is
appropriate to the case and just to the parties affected, and means
that there can be no proceeding against life, liberty or property
which may result in the deprivation of either, without observance of
the general rules established in our system of jurisprudence for the
security of private rights. Riley v. Banks, Del.Super. 62 A.2d 229,
44Del. 489, 5 Terry 489 (1948).

Petitioner argues that he was denied his right to a fair and impartial
trail guaranteed him in the Due Process Clause of Fourteenth Amendment,
U.S. Constitution ; and " Law of the Land" in Delaware Constitution,
Del.C.Ann. Const. Art. 1, && 7,9.

(5)

For, petitioner was entitled to a jury instruction of a lesser included offense for burglary first degree and attempt burglary second degree. see Gates v. State, Del.Supr., 424 A.2d 18,21 (1980).

> "A defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury to rationally acquit him of the greater offense and to convict him of the lesser. Id. (citing 11 Del. C. $\overset{S}{3}$ 206 (c); and Super. Ct. Crim. R. 31(c))."

Moreover, in Gates, the Court observed that " the Due Process Clause may guarantee a defendant a right to have the jury instructed on a lesser included offense if the evidence so warrants. citing Keeble v. United States, 412 U.S. at 212-13, 93 S.Ct. at 1998 (1973); Beck v. Alabama, 447 U.S. at 637-38, 100 S.Ct. at 2389 (1980)."

The Court, in Wainwright, futher observed that " it is plain error, requiring reversal, to fail to instruct the jury on the necessary elements of the crime. citing Taylor v. State, Del. Supr., 464 A.2d 897 (1983).

Also, in wainwright, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice. citing Bromwell v. State, Del. Supr., 427 A.2d 884,893 n. 12 (1981).

Petitioner assert's that the violation complained of in this argument is that in which the plain error doctrine envisions.

## BURGLARY FIRST DEGREE

The petitioner Lee A. Israel was convicted of burglary first degree of Ms. Czartorijskij's residence located at 63 Chesterfield Drive. The State presented evidence at trial to support a cliam that the defendant's intent was to commit the crime of theft. By committing the crime of theft of a purse and phone receiver belonging to Ms. Czartorijskij. (opening T-13,A-1). The charge of theft of the purse and phone receiver was valued at less than three hundred dollars, which amounts to a misdemeanor. (opening T-14-15,A-2,3. The petitioner denied ever being present at 63 Chesterfield Drive on April 21,1985.

(6)

On the element of intent the State failed to establish and prove the felonist intent required by law for a burglary indictment. In Plant v. State, 660 A.2d 395, Del.Supr. (1994), "an indictment for burglary, the prosecution must specify the particular felony the defendant intended to commit following his breaking and entering, and must prove that the felonious intent existed at the time of the braeking and entering. citing Lewis v. State, Del.Supr., 251 A.2d 197,198 ('968), and State v. Minnick, Del.Supr., 168 A.2d 93,96 (1960). "An indictment for burglary is required to specify the particular felony the defendant intended to commit following his breaking and entering, and that felonious intent must exist at the time of the breaking and entering." 13 Am. Jur. 2d, Burglary, $\overset{\S}{\text{S}}$ 24.

The Court in Minnick Decided the law makes another ingredient necessary, the intent to commit murder, rape, robbery or some other felony. The intent then is of the essence of the offense, and the prosecution must point the intent. State v. Minnick, Del.Supr., 168 A.2d 93 (1960).

In this case, the State relied on a theft misdemeanor to support the element of intent for the burglary first degree indictment. ( opening statement - 13, A-1 ).

On the charge of Burglary First-Degree, the Court charged the jury as follows: "I will next turn my attention to the charge of burglary in the first degree. In order to find the defendant guilty of burglary in the first degree, you must find that the following elements have been established: First, the defendant entered or remained unlawfully in 63 Chesterfield drive, New Castle, Delaware. A person enters or remains unlawfully in a place when he has no license or privilege to be there, that is, he does not have the permission or consent of the owner of the place to be there.

Second, the place where the defendant entered or remained unlawfully was a dwelling. The word "dwelling", under our criminal code, means a building which is normally occupied by a person lodging therein at night.

Third, the defendant acted knowingly, that is, he knew or was aware that the property involved was a dwelling and that he was entering or remaining ' unlawfully.

(7)

Fourth, the defendant's actions occurred at night, that is, during the period 30 minutes after sunset and 30 minutes before sunrise.

Fifth, the defendant intended to commit a crime in the dwelling, that is, it must have been the defendant's conscious object or purpose to commit some act which is defined in our criminal code as a crime. In this case, the State contends that the defendant intended to commit the crime of theft, and you must find that the defendant intended to commit that offense in order to convict him of burglary in the first degree.

"Theft" is defined as the taking or exercising control over property of another, intending to deprive that person of the property.

Sixth, at the time, when in the dwelling, the defendant was armed with a deadly weapon defined as a knife of any sort." (Jury Charge T-8-10, A-4-6 ).

   In this case, the State failed to specify the particular felony intent to support the burglary first degree indictment, and instead specified the theft misdemeanor to support the element of intent, stating:

   " We're going to show you that he intended to commit the theft by the very fact that he did commit theft. Her purse was taken and later found, and her phone was taken and later found,". (opening T-13, A-1 ).

In State v. Deedon, Del.Supr., 189 A.2d 660 (1963),the Court stated :
" The rule is well-established, however, that even though in burglary and statutory housebreaking the intent, as defined by law, is simply to commit a felony, it is not sufficient in the indictment to follow these general words but the particular felony intended must be specified, 9 Am. Jur., Burglary, Sec. 46 (at page 262). Accord: State v. Buchanan, 75 miss. 349, 22 So. 875 (1898); State v. Allen, 186 N.C. 302, 119 S.E. 504 (1925). People v. Schiaffino, 73 Cal. App. 357, 238 P. 725 (1925)."
Also see, 12A  C.J.S. page 237.

" In accordance with this rule, it is held that except as otherwise provided by statute, it is not burglary if the intent is to commit a misdemeanor, such as an assault and battery, or mayhem not amounting to a felony; and an intent to take property which is not of sufficient value to make the taking thereof a felony does not establish the offense."

Futhermore, according to State v. Deedon, Del.Supr., 189 A.2d 660.
In the absence of a felony intent the charge would be a bare trespass the
lesser included offense in the following cases: Warren v. State, 103 Ark
165, 146 SW 477 ( intent to commit rape ); State v. Beal, 37 Ohio st. 108.
In this case, the lesser included offense of burglary first degree under
826 of title 11 Del.C., is criminal trespass in the first degree, under
823 of title 11 Del.C.

Because the State failed to meet it's burden of specifying the particular
felony intent, the State also, failed to specify a felony intent existed
at the time of the breaking and entering. The petitioner was entitled
by law to a jury instruction of a lesser included offense. For it is
clearly apparent on the face of the record, there is no evidence to support
the felonious intent required by law for the charge burglary first degree.
see: Slate v. State,Del.Supr., 606 A.2d 1334 at 1337 (1992); Gates v.
State, Del.Supr., 424 A.2d 18,21 (1980).

Plain error occurred for petitioner was not provided a jury instruction
of a lesser included offense. Taylor v. State, Del. Supr., 464 A.2d 897,
899 (1983). In Taylor v. State, the Court decided: "it is plain error,
requiring reversal, to fail to instruct the jury on the necessary elements
of the crime."

### ATTEMPTED BURGLARY, SECOND-DEGREE

The petitioner Lee A. Israel was convicted of attempted burglary,
second degree of ms. Carter's residence at 16 Karlyn Drive. The State
presented evidence that Ms. Carter was asleep on a couch positioned under
a window in her living room.         Sometime after 11:00 P.M. she awoke
to find a man's leg dangling overtop of her head.        This leg was
clothed in dark pants, white socks, and dark sneakers.
Ms. Carter was unable to give any further description of the person who
attempted to crawl through the window.       The petitioner's finger-
prints were found on the window frame.              Petitioner denied
his presence at the Carter home on April 21, 1985.

On the charge of Attempted Burglary Second-Degree, the Court charged
the jury as follows:

(9)

" I will next turn my attention to the charge of attempted burglary in the second degree. In order to find the defendant guilty of an attempt to commit the crime of burglary in the second degree, you must findthat the following elements have been established beyond a reasonable doubt.

First, the defendant did anything which, under the circumstances, as the defendant believed them to be, was a substantial step in the course of conduct planned to culminate in his commission of the crime, as I shall define that for you; that is, burglary.

A "substantial step" is an act or omission which leaves no reasonable doubt in your minds as to the defendant's intention to commit the crime which he is charged with attempting.

Second, the defendant acted intentionally, that is, it was his conscious object or purpose to engage in a course of conduct planned to culminate in the commission of the crime and it was his hope that the ciroumstances were such that such conduct would in fact culminate in the commision of burglary in the second degree.

Now, burglary in the second degree is define as consisting of the following four elements: First, the defendant entered or remained unlawfully in 16 Karlyn Drive, New castle, Delaware. A person enters or remains unlawfully in a place when he has no license or privilege to be there; that is, he does not have the permission or consent of the owner of the place to be there.

Second, the place where the defendant entered or remained unlawfully was a dwelling, and you will recall my definition of dwelling for you.

Third, thedefendant acted knowingly, that is, he knew or was aware that the property involved was a dwelling and that he was entering or remaining unlawfully.

And, fourth, the defendant intended to commit acrime in the dwelling; that is, it must have been the defendant's conscious object or purpose to commit some act which is defined in our criminal code as a crime.

(10)

In this case, the State contends that the defendant intended to commit the crime of theft, as I have already defined that crime for you." see: Jury Charge. (T-12-13,A-7,8).

On the element of intent to commit the crime of theft, the State used the theft misdemeanor from the burglary first degree part of indictment, to support the element of intent for the burglary second degree portion of the attempt burglary second degree indictment.   see Opening Statements:

"but ten minutes later he went into another house a few minute's walk away, a few blocks away, and did in fact commit a theft, and the State is going to argue that we don't have direct evidence that his intent was to commit theft, but we have circumstantial evidence,"  (Opening Statement - 15, A- 3).

In doing so, the State has failed to establish and prove the felonious intent required by law to convict on a felony burglary indictment.  In Plant v. State, Del. Supr.,660 A.2d 395 (1994), the Court determine the rule to be well-established:

"An indictment for burglary is required to specify the particular felony the defendant intended to commit following his breaking and entering, and that felonious intent must exist at the time of the breaking and entering."

Because the State failed to meet it's burden of specifying the particular felony intent, the State also failed to specify a felonious intent existed at the time of the breaking and entering.  The petitioner was entitled by law to a jury instruction of a lesser included offense.  For it is clearly apparent on the face of the record, there is no evidence to support the burglary second degree portion of the attempt burglary second degree indictment.  Due to said fact (Failure to specify felony intent) the severity of the charge burglary second degree should have been reduced to criminal trespass. see State v. Deedon, in the absence of a felony intent the charge would be a "bare trespass" the lesser included offense in the following cases: Warren v. State, 103 Ark 165, 146 SW 477 (intent to commit rape); State v. Beal, 37 Ohio st. 108.

In this case, the lesser included offense of burglary second degree under 825 of title 11 Del.C., is criminal trespass in the first degree, under 823 of title 11 Del.C.

The petitioner was entitled by law to a jury instruction of a lesser included offense. see Slater v. State, Del.Supr.,606 A.2d 1334 (1992); citing Gates v. State, Del.SUPR., 424 A.2d 18,21 (1980).

Plain error occurred for the petitioner was not provided a jury instruction of a lesser included offense. In Taylor v. State, Del.Supr., the Court decided: "it is plain error, requiring reversal, to fail to instruct the jury on the necessary elements of the crime." Taylor v. State, Del.Supr.,464 A.2d 897 (1983).

The petitioner was entitled to have the jury instructed on a lesser included offense for burglary first degree and attempt burglary second degree. Because the State failed to specify the felonious intent required by law, in the indictment. Both burglary charges should have been reduced to criminal trespassing. By failing to provide the petitioner a jury instruction on a lesser included offense. The petitioner suffered errors of due process and equal protection which may have reasonably contributed to his conviction. Due process errors are not harmless. "The Supreme Court will not say that errors in which due process may have been involved were harmless beyond a reasonable doubt, when there is a reasonable possibility, in its opinon, that the errors complained of contributed to the conviction." Herhal v. State, Del. Supr., 243 A.2d 703 (1968), aff'd,Del.Supr.,283 A.2d 482 (1971). Also, this argument touches the issue of permissive inference. see Deputy v. State, Del.Supr., 500 A.2d at 597 (1985). In Deputy v. State, the Supreme Court quoted the United States Supreme Court citing Francis v. Franklin, Supra 105 S.Ct. at 1971, which commented on the constitutionality of permissive inferences: " A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should bee inferred based on the predicated facts proven. Such inferences do not necessarily implicate the concerns of Sandstrom. A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury. Ulster County Court v. Allen, Supra, 442 U.S. at 157-163, 99 S.Ct. at 2224-2227." Note: The purse refered to in indictment was never presented and entered into evidence at trial.

(12)

In this case, the jury was permitted to infer the existence of an element (felony intent) which the State did not establish in the indictment and did not prove at trial. Therefore, relieving the State of its burden of persuasion, and in doing so, violate petitioner's right to Due Process.

Due to the errors argued herein the petitioner has suffered a miscarriage of justice (convictions unsupported by well - established law), and in violation of his due process and equal protection rights.

Also, the petitioner contends that because the charge of burglary first degree constituted both a separated count of the indictment and the overt act alleged in the charge of rape first, all his convictions in this indictment should be reversed, (see 11 Del.C. § 301(b)).

(13)

II. PLAIN ERROR OCCURRED FOR PETITIONER'S CONVICTION
ARE UNDERMINDED BY A CONSTITUTIONAL VIOLATION.
THE PROSECUTOR HAS KNOWINGLY ELICITED AND ALLOWED
A STATE WITNESS TO TESTIFY FALSELY IN VIOLATION OF
PETITIONER'S FOURTEENTH AMENDMENT RIGHTS.

The petitioner, asserts that the Attorney General Represents, All
People. Even the defendant. The Attorney General must see that Justice
is served. see: Bennett v. State, Del.Supr.,164 A.2d 442.

Petitioner states that convictions may be invalid under the fourteenth
amendment if a prosecutor has knowingly elicited false testimony relating
to a witness credibility or if the prosecutor has knowingly allowed the
witness to testify falsely. see: WEBER v. State,Del.Supr.,457 A.2d 674
(1983);citing United States v. Agurs, 427 U.S. 97, 103, 96 S.Ct. 2392,2397,
49 L.Ed.2d 342(1976); Giglio v. United States,405 U.S. 150, 92 S.Ct. 763, 31
L.Ed.2d 104 (1972); Napue v. United States, 360 U.S. 264,79 S.Ct. 1173, 3
L.Ed.2d 1217 (1959); Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d
9 (1957).

The Giglio Court held: "Deliberate deception of a court and jurors by
presentation of known false evidence is incompatible with rudimentary
demands of justice." also, "When reliability of a given witness may well
be determinative of guilt or innocence, nondisclosure of evidence affecting
credibility falls within rule that suppression of material evidence justifies
a new trial irrespective of good faith or bad faith of the prosecution."
and lastly, "A new trial is not automatically required whenever the combing
of the prosecutor's files after the trial has disclosed evidence possibly
useful to the defense but not likely to have changed the verdict; a finding
of materiality of the evidence is required; a new trial is required if the
false testimony could in any reasonable likelihood have affected the
judgment of the jury."

## STANDARD OF REVIEW

To establish the due process violaion set forth in Giglio, the petitioner
must establish that the witness in question (1) gave testimony, and (2)
the prosecutor knew or should have known of its falsity. When the above
standard has been established; The Courts should then apply an analysis
similar to that which is used in cases deciding whether Brady violations
had taken place, i.e., materiality and prejudice will have to be established.
United States v. Agurs, 96 S.Ct. 2392 at 2397, and United States v. Iverson,
205 U.S. App. D.C. 253, 637 F.2d 799 (1980).

(14)

ARGUMENT

The petitioner, Lee Israel, asserts that his convictions on all his charges, are the result of a constitutional violation to his right to due process.

During trial the Deputy Atterney General, Deborah A. Blom,Esq., presented false evidence in the form of police officer testifying falsely regarding shoeprint evidence. On direct examination by the State Officer Philip J. Young, a New Castle County Police Officer, testified that he recovered two shoeprints from the residence of 63 Chesterfield Drive. (T-35,A-91-11)).During his testimony the prosecutor had Officer Young Qualified as an expert. So that he could testify as to his opinion about what type of shoe he thinks made the shoeprints. The Court allowed Officer Young to give his opinion after voir dire and over objection.(T-141,A-$^{10}$). The prosecutor then asked Officer Young for his opinion: "Officer Young, based on your examination of those footprints that you have in front of you, were you able to reach any opinion or conclusion about what type of footwear left those prints ?" (T-141,A-10). Officer Young responded by stating: "My conclusion, based on looking at the original lifts at the time, and the photogrphs, was that it was an athletic-type shoe, a sneaker-type shoe." (T-141,A-$_{10}$). The prosecutor knew or should have known Officer Young's opinion to be false because of the F.B.I. reports that were sent to the New Castle County Police Chief, Colonel John R. McCarnan. One report dated 5/1/85, states:"The Q18 and Q19 shoe print lifts are to limited to determine the shoe sole design, manufacturer,or brand name of shoe making these shoe prints." (F.B.I. report, A-15). and another report dated June 19,1985, states:"The Q18 and Q19 lifts lack sufficient clarity and detail for meaningful conclusimn to be reached whether the Q18 and Q19 lifts were made by the K6 through K11 shoes." (F.B.I. report,A-14). The F.B.I. report dated 5/1/85, indicates the foot print lifts were subjected to microscopic and chemical analysis.

The ABA Standards for The Prosecution Function prohibits a prosecutor from:"(a) A prosecutor should not knowingly offer false evidence, whether by documents, tangible evidence, or the testimony of witnesses, or fail to seek withdrawal thereof upon discovery of its falsity." (3-5.6(a)), and "(d) A prosecutor should not ask a question which implies the existence of a factual predicate for which a good faith belief is lacking."(3-5.7(d)).

These two F.B.I. reports not only contridict the opinion of Officer Young's testimony, but also the closing of the prosecutor herself.

(15)

The prosecutor's closing regarding the results from the F.B.I. about the shoe print lifts was false. The prosecutor states: "The results was that there was not enough of the latent print which was lefted to compare with the shoes."(T- 59,A-$_{11}$). The F.B.I. report dated 6/19/85,is the report that refers directly to the comparison of the shoe print lifts to the petitioner's shoes. This F.B.I. report indicates that the shoe print lifts lack sufficient clarity and detail to reach a meaningful conclusion. The significants of the prosecutor's mistatements lies within the prejudice caused from the inference the jury may have drawn because this mistatement of fact supports the false opinion of Officer Young. These F.B.I. reports could have been very useful to the defense for rebuttal purposes.

Petitioner asserts, that in this case, the Court will need to apply an analysis similar to that which is used in cases deciding whether Brady violations had taken place,i.e., materiality and prejudice will have to be established. see: United States v. Agurs, 96 S.Ct. 2392, and United States v. Iverson, 637 F.2d 799 (1980), citing Giglio.

Also, the Third Circuit holds that defense counsel has such a "substantial basis for claiming materiality of evidence impeaching the truthfulness of a prosecution witness when, (viewed prospectively as the prosecutor views the evidence before trial), the testimony of the witness incriminates the defendant, and the impeaching evidence significantly impairs the incriminatory quality of that testimony." United States v. Oxman, 740 F.2d 1298 at 1313, citing Agurs, 96S.Ct. at 2397-98.

In this case the petitioner could have used these F.B.I. reports to impeach the truthfulness of Officer Young's testimony about the results of the F.B.I.'s findings. By entering these F.B.I. reports into evidence and calling F.B.I. experts to testify at trial to rebutt Officer Young's expert opinion. The State used Officer Young's expert opinion about the shoe print lifts to establish a connection of the shoe print lifts with the dark high top sneakers of petitioner. see (closing T-27-28,A-12-13). "And Coroporal Young testified that he has examined footprints, he is an evidence detection officer, and he has had an opportunity to examine prints that are left behind and compare them with and look at the bottoms of footwear. And his conclusion was that these footprints were athletic-wear footprints, sneakers, running shoes, athletic footwear. And that is consistent with the defendant having those dark high top sneakers." (closing T-27-28, A-12-13 ).

(16)

The prejudice is found in the inference that the shoeprints found on the washing machine were consistent with the dark high top sneakers recovered from petitioner's house. (T-141,A-10 ).

The petitioner has suffered errors of due process and equal protection which may have reasonably contributed to his conviction. Due process errors are not harmless. "The Supreme Court will not say that errors in which due process may have been involved were harmless beyond a reasonable doubt, when there is a reasonable possibility, in its opinon, that the errors complained of contributed to the conviction." Herhal v. State,Del.Supr., 243 A.2d 703 (1968), aff'd, Del.Supr., 283 A.2d 482 (1971).

Also, it is a denial of a privilege and immunity of National Citizenship, and the Equal Protection Guaranteed by the Fourteenth Amendment against abridgement by the State. see: Bell v. Maryland, 378 U.S. 226 at 260, 84 S.Ct. 1832.

WHEREFORE, for the reasons stated in the arguments above, the petitioner respectfully ask this Honorable Court to set aside the jury's verdict of guilt on all charges, and remand for a new trial on the rape first degree charge.

RESPECTFULLY SUBMITTED,
LEE A. ISRAEL, Pro Se

_____

(17)

## CERTIFICATE OF SERVICE

I, LEE A. ISRAEL_____, hereby certify that I have served a
true and correct cop(ies) of the attached; RULE61 Motion & Memorandum of
Law including Appendix_____ upon the following:

TO: SUPERIOR COURT

Daniel L. Herman Court House

500 North King Street

Wilmington, DE  19801


TO: OFFICE OF THE ATTORNEY GENERAL

Carvel State Office Building

820 North French Street

Wilmington, DE  19801


TO: _____

TO: _____


BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United
States Mail, at the Delaware Correctional Center, Smyrna,DE. 19977, postage
to be paid by the Dept. Of Corrections.

On this  27th  day of  June_____, 2004.

Lee C. Israel