IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEE A. ISRAEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 06-124-SLR |
| ) | |
| THOMAS CARROLL, ) | |
| Warden, and JOSEPH R. ) | |
| BIDEN, III, Attorney ) | |
| General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents.[1] ) | |

Lee A. Israel. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

Dated: April 11, 2007
Wilmington, Delaware

---

[1] See Fed. R. Civ. P. 25(d)(1). Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.

ROBINSON, Chief Judge

## I. INTRODUCTION

Currently before the court is petitioner Lee A. Israel's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 2) Petitioner is incarcerated in the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In November 1985, a Delaware Superior Court jury convicted petitioner of first degree rape, first degree burglary, second degree attempted burglary, and misdemeanor theft. The Superior Court sentenced petitioner to life imprisonment plus fifty years. The Delaware Supreme Court affirmed petitioner's convictions and sentence on August 22, 1986. Israel v. State, 514 A.2d 413 (Del. 1986).

In July 1995, petitioner filed his first motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion as time-barred and meritless on February 6, 1996, and the Delaware Supreme Court affirmed the Superior Court's judgment in May 1996. State v. Israel, 1996 WL 190033 (Del. Super. Ct. Feb. 6, 1996); Israel v. State, 682 A.2d 626 (Del. 1996). Petitioner filed his second Rule 61 motion in July 2004, the Superior Court summarily dismissed the motion as time-barred and meritless, and the Delaware Supreme Court affirmed that judgment. See State v. Israel, 2004 WL 2240158 (Del. Super. Ct. Sept. 24, 2004); Israel v. State, 2005 WL 535349 (Del.

1

2005).

Petitioner's pending federal habeas application asserts the following two claims: (1) the Superior Court abused its discretion by failing to instruct the jury on the lesser-included offense of criminal trespass; and (2) the prosecution knowingly elicited false testimony from a witness. (D.I. 2; D.I. 3) The State contends that petitioner's application should be dismissed as time-barred.

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996 and applies to habeas applications filed after that date. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated February 2006, is subject to AEDPA's

limitations period. Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas applications, thereby extending the filing period through April 23, 1997.[2] Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Here, petitioner's conviction became final in November 1987, because the Delaware Supreme Court affirmed petitioner's convictions and sentence on August 22, 1986, and he did not seek certiorari review. Consequently, petitioner had until April 23, 1997 to timely file his habeas application, but he did not file the application until

---

[2]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," Douglas, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

February 24, 2006.[3] Thus, petitioner's habeas application is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158. The court will discuss each doctrine in turn.

**B. Statutory Tolling**

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). However, a properly filed state post-conviction motion that is filed and pending after the expiration of AEDPA's one-year period is irrelevant to the statutory tolling analysis. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)("the state habeas petition had no effect on tolling [because AEDPA's] limitations period had already run when it was filed"); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

As previously explained, April 24, 1996 is the earliest possible starting date for the one-year limitations period in this case because petitioner's conviction became final

---

[3]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns, 134 F.3d at 113; Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Petitioner's application is dated February 24, 2006 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

4

prior to the enactment of AEDPA. See supra p. 3. However, petitioner filed his first Rule 61 motion in 1995, and the Delaware Supreme Court did not issue a decision on petitioner's post-conviction appeal involving that motion until May 21, 1996. Therefore, because petitioner's first Rule 61 motion was still pending for statutory tolling purposes on AEDPA's effective date of April 24, 1996, the motion tolls the limitations period through May 21,1996. See, e.g., Lovasz v. Vaughn, 134 F.3d 146, 149 (3d Cir. 1998)(petitioner's second PCRA petition that was pending on AEDPA's effective date tolled the one-year grace period until the Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal).

The limitations clock started on May 22, 1996, and ran without interruption until the limitations period expired in May 1997. Although petitioner filed a second Rule 61 motion in July 2004, that motion has no statutory tolling effect because the limitations period had already expired in 1997. Accordingly, the tolling provision of § 2244(d)(2) does not render petitioner's application timely.

### C. Equitable Tolling

Federal courts may equitably toll AEDPA's limitations period only in rare and exceptional circumstances. Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles,

the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

>  (1) where the defendant actively misled the plaintiff;
>  (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>  (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159.

The court concludes that equitable tolling is not warranted in this case. Petitioner offers no reason for the lengthy seven year delay between the denial of his first Rule 61 motion and the filing of his second Rule 61 motion, and he does not explain why he failed to file a federal habeas application during the one-year period following the denial of his first Rule 61 motion. Therefore, the court finds that petitioner did not exercise reasonable diligence in pursuing his claims.

Further, petitioner does not contend, and the court does not discern, that any extraordinary circumstances prevented him from timely filing the instant habeas application. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating

"that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.